LOUIS BECK and Another, Copartners, Doing Business under the Firm Name and Style of BECK & TENZER, Respondents, *v.* " MORRIS " ROSENFELD and " GEORGE " FINKEL, First Names " MORRIS " and " GEORGE " Being Fictitious, Copartners, etc., Appellants.

Supreme Court, Appellate Term, First Department, January 8, 1925.

**Accord and satisfaction — action for balance due on account of goods sold and delivered — defendants gave plaintiffs check, for amount less than plaintiffs claimed, containing indorsement indicating check was given in full payment — plaintiffs deposited check to their credit and notified defendants that they accepted it as payment on account — notice ineffectual where plaintiffs received benefit of defendants' check.**

An accord and satisfaction is established, in an action for the balance due on account of goods sold and delivered, where it appears that there was a genuine

dispute as to the amount due from defendants to plaintiffs; that the defendants gave the plaintiffs a check, for an amount less than that claimed by the plaintiffs, on the face of which was an indorsement indicating that the check was given in full payment of plaintiffs' indebtedness; and that plaintiffs deposited the check to their credit and thereafter notified the defendants that they accepted the check as payment on account only.

The notice which the plaintiffs claim they sent the defendants, reciting that they only accepted the check as payment on account, is ineffectual in the face of their depositing the check to their credit.

LEVY, J., dissents.

APPEAL by defendants from a judgment of the Municipal Court of the City of New York, Borough of Manhattan, Third District, in favor of plaintiffs.

*Lippman & Sachs* [*Jacob Bernstein* of counsel], for the appellants.

*Leight & Neckritz* [*Elias Low* of counsel], for the respondents.

PER CURIAM:

Defendants owed plaintiffs for goods sold and delivered. The uncontradicted proof shows that there was a genuine dispute as to the amount due from defendants to plaintiffs. On December 17, 1923, defendants sent to plaintiffs a check for $960.45, being $329.28 less than the amount claimed by plaintiffs to be due, on the face of which check was the indorsement: " This check is in full payment of the following. If incorrect please return. Endorsement is in full acknowledgment." The ten items enumerated on the check represent the only dispute in the case, which is as to the agreed price of the goods specifically itemized on the face of the check. On receipt of this check plaintiffs deposited the same in their bank, received credit therefor, and thereafter, on the twentieth of December, plaintiffs notified defendants that they only accepted the check as payment on account. Defendants denied receiving the notice of December twentieth; but even assuming that the notice was sent and received, it being after plaintiffs had deposited and received the benefit of defendants' check, the notice was entirely ineffectual. The record establishes a complete accord and satisfaction.

Judgment reversed, with thirty dollars costs, and complaint dismissed, with costs.

GUY and MULLAN, JJ., concur.

LEVY, J. (dissenting):

I fail to find evidence to support the proposition that the claim litigated was unliquidated or that there was a real or honest dispute to merit the holding of accord and satisfaction. I feel, therefore, that affirmance should follow.